THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MADELEINE GARZA, an individual,           )   Case No. 3:18-CV-05106-BHS
                                           )
                          Plaintiff,       )   **DEFENDANT NATIONAL**
                                           )   **RAILROAD PASSENGER**
          v.                               )   **CORPORATION'S MEMORANDUM**
                                           )   **IN SUPPORT OF PROPOSED**
NATIONAL RAILROAD PASSENGER                )   **STIPULATION RE: ACCIDENT**
CORPORATION d/b/a AMTRAK,                  )   **FACTS**
                                           )
                          Defendant.       )   **NOTE ON MOTION CALENDAR:**
                                           )   **NOVEMBER 5, 2019**
                                           )
                                           )   **TRIAL DATE:**
                                           )   **NOVEMBER 6, 2019**
_____)

Defendant National Railroad Passenger Corporation ("Amtrak") respectfully submits the following memorandum in support of its Proposed Stipulation Re: Accident Facts.

As discussed in today's telephonic hearing on Amtrak's Supplemental Motion in Limine (Dkt. 62), Amtrak has been attempting to reach a stipulation with Plaintiff's counsel that is consistent with the Court's guidance provided at the Pretrial Conference. Amtrak is submitting herewith a proposed stipulation that it believes is consistent with the Court's guidance and requests that it be entered and read to the jury in lieu of allowing Plaintiff to call Train 501's conductor and engineer at trial.

Rule 16 gives this Court the power to "consider and take appropriate action on...obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence." Fed. R. Civ. P. 16(c)(2)(C). Several courts, including

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S MEMORANDUM IN SUPPORT OF
PROPOSED STIPULATION RE: ACCIDENT - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

at least one district court within the Ninth Circuit, have found that under this rule "[t]he court has power to compel parties to agree as to all facts concerning which there can be no real issue." *Berger v. Brannan*, 172 F.2d 241, 243 (10th Cir. 1949); *see also Lisa Frank Inc. v. CSS Indus. Inc.*, No. 12-CV-00180-TUC-FRZ, 2017 WL 4876466, at *3 (D. Ariz. Mar. 29, 2017) (quoting *Berger* with approval); *United States v. A T & T Co.*, 83 F.R.D. 323, 332 (D. D.C. 1979) (stating that "Rule 16 contemplates that the Court may compel parties to stipulate as to all matters concerning which there can be no real issue").

Even if this Court does not wish to compel Plaintiff to accept Amtrak's stipulation, it cannot be doubted that Rule 16 empowers this Court to deem the facts as set forth in Amtrak's proposed stipulation as established for purposes of trial. As recently explained by the Delaware Court of Chancery:

> The *Holcombe* and *Berger* rulings have been criticized for speaking in terms of "compel[ling] the parties to agree," which employs the oxymoronic concept of an involuntary stipulation. *See Colon v. Walgreens de San Patricio, Inc.,* 269 F.R.D. 165, 168–69 (D.P.R. 2010). **I believe both cases are better understood as recognizing that a court has the power to hold that certain facts are admitted or cannot be controverted in good faith. Such an approach "furthers the Rule 16 policy of limiting the trial to those issues that are actually in dispute without impairing the basic rights of the litigants."** Wright & Miller, *supra,* § 1527. The current federal version of Rule 16 confirms this power by stating that during the pretrial conference, the court may consider "obtaining admissions and stipulations about facts and documents" so as to avoid unnecessary proof. Fed. R. Civ. P. 16(c)(2)(C); *see* Wright & Miller, *supra,* § 1525 (explaining that enumeration of specific subjects in current federal rule confirmed pre-existing authority and was designed to encourage courts to address those subjects).

Itron, Inc. v. Consert Inc., 109 A.3d 583, 588, n. 3 (Del. Ch. 2015) (emphasis added).

Even if there were a question as to whether the Court could enter the stipulated facts under Fed. R. Civ. P. 16 over Plaintiff's objection, there can be no doubt that the rules of evidence also give the Court the power to compel this result. As aptly explained by the United States District Court for the District of Maryland:

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S MEMORANDUM IN SUPPORT OF
PROPOSED STIPULATION RE: ACCIDENT - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1
2
3
4
5

Even if there is doubt about whether the court has the authority to directly order that a stipulation be involuntarily accepted pursuant to Fed.R.Civ.P. 16, **there can be no real dispute that the court has abundant authority to achieve this same result through Fed. R. Evid. 403, by evaluating whether the probative value of the evidence which is offered by the party resisting the proposed stipulation is outweighed by one of the undesirable consequences addressed by that rule.** If the court determines that "live evidence" is merely cumulative in light of the opposing party's stipulation, it may simply rule that it will not be admitted.

6

*Briggs v. Dalkon Shield*, 174 F.R.D. 369, 373 (D. Md. 1997) (emphasis added).

7
8
9
10
11
12
13
14

For the reasons above, Amtrak respectfully submits that the Court accept its proposed stipulation rather than allow Plaintiff to call Train 501 crewmembers live. Such testimony carries enormous risk of unfair prejudice to Amtrak without any benefit to Plaintiff's case that outweighs this risk. Moreover, it would be cumulative of testimony from Charles Kubilius (who carried Plaintiff from the scene) and Plaintiff herself. None of the facts proffered by Plaintiff during today's hearing (e.g. train speed, trajectory, what car Plaintiff was riding, how far it fell, or her location in the milieu of the derailment) are in dispute; they are all covered in Amtrak's stipulation.

15
16
17
18
19
20

If Plaintiff persists in resisting the stipulation, Rule 16, FRE 403, and the above authorities permit the Court to enter these facts as established and preclude the crew testimony. For example, the Court has the power to revise the Stipulated Facts section of the Pretrial Order, or give the Ninth Circuit Pattern Instruction No. 2.3 – Judicial Notice – which provides in pattern form: "The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true."

21
22
23
24
25
26

If the Court does allow any testimony from a Train 501 crewmember, Amtrak requests that the Court require Plaintiff to first make an offer of proof as to what the testimony will be so that Amtrak can preserve objections as to the unfairly prejudicial, irrelevant and cumulative nature of such testimony, as well as make any other appropriate objections based upon the actual offer of proof. Otherwise, there is a serious risk that the upcoming trial will be tainted by inadmissible and prejudicial evidence at the outset.

27

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S MEMORANDUM IN SUPPORT OF
PROPOSED STIPULATION RE: ACCIDENT - 3

1   DATED: November 5, 2019

2

3   LANE POWELL PC

4

5   By: s/ Tim D. Wackerbarth
        Tim D. Wackerbarth, WSBA No. 13673
6       wackerbartht@lanepowell.com
        Andrew G. Yates, WSBA No. 34239
7       yatesa@lanepowell.com
        Warren E. Babb, Jr., WSBA No. 13410
8       babbw@lanepowell.com
        Katie D. Bass, WSBA No. 51369
9       bassk@lanepowell.com

10

11   LANDMAN CORSI BALLAINE & FORD, PC

12

13   By: s/ John Bonventre
        Mark S. Landman, *Pro Hac Vice*
14      mlandman@lcbf.com
        John A. Bonventre, *Pro Hac Vice*
15      jbonventre@lcbf.com

16   *Attorneys for Defendant National Railroad*
     *Passenger Corporation*

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S MEMORANDUM IN SUPPORT OF
PROPOSED STIPULATION RE: ACCIDENT - 4

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on the date listed below, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

| | |
|---|---|
| Darrell L. Cochran<br>Thomas B. Vertetis<br>Christopher E. Love<br>Nicholas B Douglas<br>Andrew S. Ulmer<br>Pfau Cochran Vertetis Amala, PLLC<br>911 Pacific Avenue, Suite 200<br>Tacoma, WA 98402-4413<br>darrell@pcvalaw.com<br>tom@pcvalaw.com<br>chris@pcvalaw.com<br>cole@pcvalaw.com<br>aulmer@pcvalaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| Kim R. Putnam<br>Kathryn N. Potvin<br>Dustin Dailey<br>Putnam Lieb Potvin Dailey<br>907 Legion Way SE<br>Olympia, WA  98501<br>kimrp@putnamlieb.com<br>kathrynp@putnamlieb.com<br>dustind@putnamlieb.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

Executed this 5th day of November, 2019, at Seattle, Washington.

*s/ Alisa R. Flabel*

Alisa R. Flabel, Legal Assistant

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S MEMORANDUM IN SUPPORT OF
PROPOSED STIPULATION RE: ACCIDENT - 5

019188.0399/7831761.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107